989 F.2d 484
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eric APONTE and Elba Garcia, Plaintiffs, Appellants,
v.
PUERTO RICO MARINE MANAGEMENT, INC., Defendant, Appellee.
 No. 92-2056.
 United States Court of Appeals,
First Circuit.
 March 16, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Guillermo Ramos Luina with whom Harry Anduze Montano was on brief for appellants.
 Rafael Cuevas Kuinlam with whom Cuevas Kuinlam & Bermudez was on brief for appellee.
 D.Puerto Rico
 VACATED AND REMANDED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Eric Aponte and Elba Garcia, the plaintiffs in this diversity case, filed a complaint in which they claimed that Puerto Rico Marine Management (1) violated its contract with Aponte by improperly dismissing him from his position of General Manager, and (2) in the process, "intentionally and maliciously misinformed the press" about events related to the dismissal. The defendant pointed out that Puerto Rico's "Law 80", see P.R. Laws Ann. tit. 29, § 185a et seq., limits damages for wrongful dismissal to an amount well below the federal diversity jurisdiction minimum of $50,000, see 28 U.S.C. § 1332. It moved for summary judgment, Fed. R. Civ. P. 56, and, alternatively, to dismiss the complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The plaintiffs concede that the district court correctly granted summary judgment in respect to their claim for wrongful dismissal, but they appeal its decision dismissing their separate libel claim.
 
 
 2
 We agree with the plaintiffs that the district court should not have dismissed the libel claim. Our reason is that the defendant's motion for summary judgment, read in conjunction with the memorandum or law which supports it, does not appear to seek summary judgment on that claim. Rather, the defendant, in that motion, says that it seeks dismissal for the reasons that (1) the "additional damages requested by the plaintiff[s] ... are not recoverable as a matter of law;" (2) Puerto Rico's "Law 80" limits wrongful discharge damages to about $12,000; and (3) even assuming attorney's fees were awarded, the amount recoverable under the complaint would not satisfy the $50,000 jurisdictional requirement. It assumes that the libel count, rather than setting forth a separate cause of action, simply seeks extra damages for a wrongful dismissal.
 
 
 3
 It may well be that defendant intended to move to dismiss all of the causes of action in the complaint, contending that both the discharge-related libel claims and the wrongful discharge claims were preempted by the exclusive remedy set forth in "Law 80." However, if this was the intention, it was not clearly expressed by the defendant's motion, especially when that motion is read in conjunction with the accompanying memorandum of law, which largely limits itself to discussion of "wrongful discharge" law. As a consequence, we believe the plaintiffs could reasonably have considered the defendant's motion for dismissal or summary judgment to have referred only to the "wrongful dismissal" claim, not to the "libel and slander" claim. That being so, the plaintiffs need not have responded by "set[ting] forth specific facts showing there is a genuine issue for trial" with regard to the libel claim. Fed. R. Civ. P. 56(e). Rather, they could simply have pointed out to the court that the summary judgment motion and memorandum had ignored their separate libel claim. And, that is what the plaintiffs did.
 
 
 4
 The plaintiffs may themselves be partly to blame for the failure of the defendant's motion to refer to their libel claim as a separate cause of action, distinct from their wrongful discharge claim. Their complaint says at the outset, in a separate section entitled "nature of the action," that the
 
 
 5
 nature of the action is for the recovery of contractual damages caused to plaintiffs as a result of defendant's wrongful and discriminatory termination of employment.
 
 
 6
 Someone reading these words alone might have concluded that the plaintiffs meant their later allegations of libel to refer to damages caused by the wrongful dismissal, not to a separate cause of action. Nonetheless, the plaintiffs, in a separate section VI of their complaint, do set forth the elements of a libel claim. They state, for example, that the defendant "maliciously provided journalists with ... erroneous information [about Eric Aponte's responsibility for financial irregularities] with ... full knowledge of its falsity" or "with negligent disregard for truth." They specify the way in which these alleged actions harmed the plaintiffs. And, most importantly, they entitle the paragraphs of section VI the "Second Cause of Action." Later developments in the case should have further alerted the defendant that the complaint purported to set out a separate cause of action for libel. In their response to the motion for summary judgment, plaintiffs refer to "their cause of action for libel and slander which is based ... on acts of defendant separate and distinct" from "the actual termination of employment." And, the court's "initial scheduling conference order" refers to the libel and slander action as a "cause of action" separate from the cause of action for "unjust termination." Under these circumstances, we believe it necessary to treat the complaint as setting forth a separate cause of action for libel and slander. See Fed. R. Civ. P. 8(f); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should be interpreted liberally to accord with concepts of notice pleading).
 
 
 7
 Without knowing the specific facts upon which the allegations of libel and slander rest, we cannot know whether Puerto Rico's laws governing claims for libel and for "unjust dismissal" permit or forbid recovery. On remand, the defendant, of course, remains free to move for summary judgment in respect to the libel and slander claim; in response, the plaintiffs will likely have to particularize their factual showing.
 
 
 8
 The judgment of the district court dismissing the plaintiffs' claim for libel and slander is vacated and this case is remanded with instructions to reinstate that claim.
 
 
 9
 So ordered.